

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2003

# Wm M Hendrickson Inc v. Natl RR Passenger

Precedential or Non-Precedential: Non-Precedential

Docket 02-2551

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Wm M Hendrickson Inc v. Natl RR Passenger" (2003). *2003 Decisions.* Paper 740.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/740

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2551

WILLIAM M. HENDRICKSON, INC.,
Appellant

v.

NATIONAL RAILROAD PASSENGER CORPORATION

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 00-cv-03711)
District Court Judge:  Honorable Anita B. Brody

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2003

Before:  RENDELL, AMBRO and MAGILL*, Circuit Judges

(Filed: March 14, 2003)

OPINION OF THE COURT

*The Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

RENDELL, Circuit Judge.

William M. Hendrickson, Inc. ("Hendrickson") appeals the judgment of the District Court in favor of National Railroad Passenger Corporation ("Amtrak") on Hendrickson's breach of contract and misappropriation of trade secrets claims. We will affirm.

Hendrickson is a Pennsylvania corporation with its principal place of business in Pennsylvania. Amtrak is a federal corporation chartered under the laws of, and with its principal place of business in, the District of Columbia. The District Court had diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1349. We exercise jurisdiction over the Court's final order pursuant to 28 U.S.C. § 1291.

As we write solely for the parties, we recite only those facts necessary to our analysis. Hendrickson contracted with Amtrak to provide air conditioning units for Amtrak's railroad cars. These air conditioning units contained a specific refrigerant known as a "R134A" refrigerant. Amtrak terminated its final contract with Hendrickson because Hendrickson did not meet the stated delivery schedule. After terminating its contract with Hendrickson, Amtrak developed a performance specification for an R134A air conditioning system with the intent of holding a new competitive bid for the system. Amtrak then contracted with RAM Motors & Controls, Inc. to provide air conditioning units.

Hendrickson filed suit against Amtrak for breach of contract and misappropriation of trade secrets. After a bench trial, the District Court found in favor of Amtrak on both counts. Hendrickson now appeals, arguing that the Court misapplied Pennsylvania law in

interpreting the contract, and in finding no misappropriation. We review the Court's interpretation of the law, including its construction of the contract, de novo, and its findings of fact for clear error. Coalition to Save Our Children v. State Bd. of Educ. of Del., 90 F.3d 752, 759 (3d Cir. 1996).

We will affirm the District Court's judgment on both claims. On the breach of contract claim, we agree with the Court that the delivery schedule was part of the contract. See Pa. Cons. Stat. Ann. § 2207(b). We also agree that Hendrickson was in default of the contract because it failed to perform according to the delivery schedule, that the delivery dates were essential terms of the contract, see Pa. Cons. Stat. Ann. § 1205(d), and that Amtrak did not cause Hendrickson's inability to perform by returning non-defective units, withholding funds, or not providing Hendrickson with a steady flow of purchase orders. See Apalucci v. Agora Syndicate, Inc., 145 F.3d 630, 634 (3d Cir. 1998) (citing Pennsylvania law for the rule that "when one party to a contract unilaterally prevents the performance of a condition upon which his own liability depends, the culpable party may not then capitalize on that failure"). The Court accordingly did not err in concluding that Amtrak was not liable for breach of contract.

With respect to the misappropriation of trade secrets claim, we agree with the Court that Hendrickson has not proven that 1) it held a trade secret in the design of its R134A unit, 2) a confidential relationship existed between Hendrickson and Amtrak with respect to the trade secret, or 3) Amtrak disclosed or used (or will disclose or use) the trade secret. See DEN-TAL-EZ v. Siemens Capital Corp., 566 A.2d 1214, 1228-29 (Pa. Super. 1989)

3

(following Restatement of Torts § 757).  The Court accordingly did not err in concluding that Amtrak was not liable for misappropriation.

Because the District Court correctly interpreted Pennsylvania law regarding breach of contract and misappropriation of trade secrets, and its findings that Amtrak was not liable to Hendrickson on either claim were not clearly erroneous, we will affirm.

_____

TO THE CLERK OF COURT:

Please file the foregoing not precedential opinion.

Judge Marjorie O. Rendell
Circuit Judge